## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 10-CV-80737-HURLEY/HOPKINS
### (Consolidated with Case No. 10-CV-80738-HURLEY/HOPKINS for the Receivership)

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
Plaintiff,

v.

TRADE-LLC, et al.,
Defendants,

v.

BD LLC, et al.,
Relief Defendants.
_____/

COMMODITY FUTURES TRADING
COMMISSION,
Plaintiff,

v.

TRADE-LLC, et al.,
Defendants,

BD LLC, et al.,
Relief Defendants.
_____/

### UNOPPOSED SECOND INTERIM APPLICATION FOR
### ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
### OF EXPENSES TO MARCUMRACHLIN, RECEIVER'S FORENSIC ACCOUNTANTS

Pursuant to this Court's July 28, 2010 Agreed Order on Receiver's Motion to Employ Forensic Accountants, MarcumRachlin ("Marcum") submits their Unopposed Second Interim Application for allowance and payment of compensation and reimbursement of expenses for the time-period of September 1, 2010 through November 30, 2010.

### THE RECEIVER HIRES MARCUM FOR FORENSIC ACCOUNTING

Philip W. Milton and William H. Center raised nearly $30 million from investors. Milton and Center then transferred millions of dollars of investor funds to themselves, their companies, their wives, their children, their friends, their friends' companies, and other insiders in several complicated "step" transactions involving a literal maze of companies.

Milton and Center set up an elaborate network of approximately sixty bank accounts and brokerage accounts at over twenty-five banks and brokerage firms to divert funds. Literally millions of dollars of Trade-derived funds were transferred through these various accounts since Trade's inception in May 2007.

In order for the Receiver to determine "where the money went," the Receiver retained the accounting firm of Marcum, LLP ("Marcum"). **As of this Second Fee Application Marcum has reconstructed the majority of relevant bank and brokerage accounts to trace the money within the elaborate network, as well as the ultimate source and exit of monies.**[1] It has been a challenging, time-consuming exercise, given the sheer volume of accounts orchestrated by Milton and Center and the fact that Marcum has analyzed nearly three gigabytes of data. The Receiver also anticipates filing additional lawsuits in the upcoming months based on the findings from the forensic analysis.

This is also an atypical receivership. One reason is that Trade's clients were primarily investment clubs which, in turn, were made up of hundreds of "members." For the Receiver to

---

[1]   To ensure that the Receiver has received the relevant bank and brokerage records for the necessary forensic analysis (which Marcum has analyzed), the Receiver has served countless subpoenas on, among others, banks and brokerage firms with accounts in the names of, among others, Milton, Center, their companies, their wives, their children, their friends, and their friends' companies. The Receiver has also served requests for production on Milton and Center, and subpoenas on their wives and children, to ensure that he has all of their banking records as well.

MARCUMRACHLIN, A DIVISION OF MARCUM LLP
1 Southeast 3rd Avenue, 10th Floor, Miami, Florida 33131 · Main: 305.995.9600 · Fax: 305.995.9601

ensure that the rightful persons are repaid, the Receiver will need to repay the individual members of each club and not the club itself. In other words, generally speaking, the Receiver will need to know (1) each club member's name and contact information; (2) the amount of money that each member paid to the club to put into Trade; (3) the amount of money that each member received from the club for his/her investment with Trade; and (4) all documents supporting the foregoing. Marcum has reviewed and analyzed documents regarding he investment clubs, and have assisted in determining items still needed to properly allocate monies going to and from the investment clubs at the detailed "member" level. The Receiver has subpoenaed each of the three primary investment clubs – Cash Flow Financial, New Life Club, and DC Advisors – and their principals for this information.

## MARCUM RACHLIN'S TIME RECORDS

This Court granted the Receiver's Motion to Employ Marcum as Forensic Accountants on July 28, 2010. The professional services rendered by Marcum, and the necessary and reasonable non-reimbursed out-of-pocket costs relating to those services, are set forth and described in more detail on the attached Exhibit A. Exhibit A also reflects Marcum's daily time records, which includes the description of services rendered, the hours expended, and the hourly rates.

As this Court can plainly see, fees were kept at a minimum by having associates, junior accountants and paraprofessionals perform a substantial portion of the work.[2] In addition, Mr. Berger's hourly rate has been reduced to $250.00, Senior Managers hourly rates have been reduced to $225.00 and junior accountants and paraprofessionals' hourly rates have reduced to between $150.00 and $ 100.00 for this receivership.

---

[2] Mr. Berger's standard hourly rate is $400.00. For purposes of this receivership, his hourly rate was reduced to $250.00, a reduction of approximately 38%.

MARCUMRACHLIN, A DIVISION OF MARCUM LLP
1 Southeast 3rd Avenue, 10th Floor, Miami, Florida 33131   Main: 305.995.9600 · Fax: 305.995.9601

For this Court's convenience, the following is an aggregate tabular summary for the fees and expenses of Marcum.

**PARTNER:**

| Name of Receiver | Reduced Hourly Rate | Time Expended | Total |
|---|---|---|---|
| Morris Berger | **$ 250.00** | **112.60** | **$28,070.00** |

**SENIOR MANAGERS / JUNIOR ACCOUNTANTS:**

| Name of Accountant | Reduced Hourly Rate | Time Expended | Total Per Accountant |
|---|---|---|---|
| Stephen D. Kelley | $ 225.00 | 245.50 | $55,237.50 |
| Jaime Angarita | $ 150.00 | 275.80 | $41,370.00 |
| **SUB TOTAL** | **$ 185.32** | **521.30** | **$96,607.50** |

| | | | |
|---|---|---|---|
| **TOTAL** | **$ 196.68** | **633.90** | **$124,677.50** |

Exhibit A is consistent with the tabular summary provided above, which therefore reflects that Marcum incurred fees of $ 124,677.50.

## MEMORANDUM OF LAW

**I.      Summary of Services Rendered by Marcum**

The professional services rendered by Marcum are set forth and described in more detail in Exhibit A. The attached records show the time spent. A mere reading of the time summaries cannot completely reflect the full range of services rendered by Marcum, the complexity of the issues, and the pressures of time and performance which have been placed upon Marcum in connection with this case.

Marcum has not been paid any compensation in connection with the services and

4

MARCUMRACHLIN, A DIVISION OF MARCUM LLP
1 Southeast 3rd Avenue, 10th Floor, Miami, Florida 33131 · Main: 305.995.9600 · Fax: 305.995.9601

expenses set forth herein.

**II.     Applicable Legal Standard Analysis**

In determining accountants' fees, a court must (1) determine the nature and extent of the services rendered; (2) determine the value of those services; and (3) consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d. 714 (5th Cir. 1974).  *See Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 877-78 (11th Cir. 1990) (bankruptcy fee award case addressing the issue of attorney's fees generally before considering specific requirements in the bankruptcy context).  The twelve factors set forth in *Johnson*, a case involving an award of attorneys' fees under Federal civil rights statutes, as incorporated by the Eleventh Circuit in *Grant*, a bankruptcy case, are as follows:  (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the services properly; (4) the preclusion of other employment by the accountants due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or by the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the accountants (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

**A.     The Time and Labor Required**

The foregoing summary description, together with the time records attached hereto, detail the time, nature, and extent of the professional services rendered by Marcum during the period covered by this Application.  Marcum has no doubt that the time spent is justified by the results that have been achieved thus far.  Marcum believes they have played a significant role during the course of these proceedings and will continue to do so in the future.

**B.      The Novelty and Difficulty of the Questions Presented**

This case required a high level of skill to carry out Marcum's duties.

**C.      The Skill Requisite to Perform the Services Properly**

In order to perform the required services, substantial accounting skill and experience in the area of forensic accounting is required of Marcum who is acutely aware of the financial considerations arising in receiverships such as this one.  Accordingly, as this Court may gather from Exhibit A, Marcum has very leanly staffed the administration of this case as much as possible, under the direction and immediate supervision Morris Berger.

**D.      The Preclusion of Other Employment Due to This Case**

Although Marcum was not explicitly precluded as a result of this case from accepting other matters, matters in this case were treated by Marcum in an expeditious and professional manner.  Also, this case required Marcum to devote a significant amount of time during the period of this Application, to the preclusion of expending time on other active matters.

**E.      The Customary Fee**

The hourly rates of Marcum's professionals set forth on the attached exhibit reflect a rate that is considerably lower than the hourly rates billed by Marcum to clients in other cases. That is because Marcum views this work as being in the nature of "public service," which Marcum is proud and privileged to be able to do.   Similar – and higher – rates have been confirmed and approved in other matters in which Marcum has been involved.

**F.      Whether the Fee Is Fixed or Contingent**

The compensation of Marcum in this matter is subject to the approval of this Court, and Marcum has not received any compensation for their services rendered to date.  The above factors should be taken into consideration by this Court, and the compensation should reflect the

MARCUMRACHLIN, A DIVISION OF MARCUM LLP
1 Southeast 3rd Avenue, 10th Floor, Miami, Florida 33131 · Main: 305.995.9600 · Fax: 305.995.9601

assumption of the risk of non-payment and delay in payment.

### G.     The Time Limitations Imposed

This case imposed time limitations on Marcum due to the necessity for rapid resolutions of issues.

### H.     The Experience, Reputation, and Ability of the Professionals

Marcum enjoys a fine reputation and has proven substantial ability in the fields of forensic accounting, equity receiverships, litigation, bankruptcy, creditors' rights, and business reorganizations.

### I.     The "Undesirability" of the Case

This case is not undesirable, and Marcum is indeed privileged to participate in this proceeding.

### J.     The Nature and Length of Professional Relationship

Marcum has had no prior relationship with Milton, Center, or the Receivership Entities prior to this case.

### K.     Awards in Similar Cases

The amounts requested by Marcum are not unreasonable in terms of awards in cases of similar magnitude and complexity. The compensation requested by Marcum comports with the mandate of applicable law, which directs that services be evaluated in light of comparable services performed in other cases in the community. In fact, the hourly rates requested by Marcum are considerably lower than the ordinary and usual hourly rates billed by Marcum to their ordinary clients, notwithstanding the risks associated with this case. The hourly rates are even lower than rates received by Marcum in other receivership cases.

### L.     The Source of Payment for the Amounts Sought Hereunder

MARCUMRACHLIN, A DIVISION OF MARCUM LLP
1 Southeast 3rd Avenue, 10th Floor, Miami, Florida 33131 · Main: 305.995.9600  Fax: 305.995.9601

Marcum requests that the amounts for which payment is authorized hereunder be paid from funds presently held by the Receiver.

## CERTIFICATION

Pursuant to Local Rule 7.1.A.3, the undersigned hereby certifies that the Securities and Exchange Commission, the Commodity Futures Trading Commission, and the Defendants have no objection to the relief requested herein.

The undersigned also certifies that:

a. He has read this Application;

b. To the best of his knowledge, information and belief formed after reasonable inquiry, this Application and all fees and expenses therein are true and accurate, and comply with the Billing Instructions;

c. All fees contained in this Application are based on the rates listed in the Exhibit attached hereto and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed;

d. He has not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission); and

e. In seeking reimbursement for a service which he justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), he requests reimbursement only for the amount billed to him by the third party vendor and paid

MARCUMRACHLIN, A DIVISION OF MARCUM LLP
1 Southeast 3rd Avenue, 10th Floor, Miami, Florida 33131 · Main: 305.995.9600 · Fax: 305.995.9601

by him to such vendor.   He certifies that he is not making a profit on such reimbursable service.

## CONCLUSION

WHEREFORE, MarcumRachlin respectfully requests that this Court enter the proposed Order, attached as Exhibit B, authorizing compensation to MarcumRachlin of $124,677.50 and for any other relief that is just and proper.

Dated: January 28th, 2011                          Respectfully submitted,


                                                     /s/ Morris I. Berger
                                                     Morris I. Berger
                                                     MarcumRachlin, a division of Marcum, LLP
                                                     One S.E. 3rd Avenue, 10th Floor
                                                     Miami, FL  33131
                                                     (305) 995-9600

MARCUMRACHLIN, A DIVISION OF MARCUM LLP
1 Southeast 3rd Floor, 10th Floor, Miami, Florida 33131 · Main: 305.995.9600 · Fax: 305.995.9601