IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CV-80737-HURLEY/HOPKINS
CASE NO. 10-CV-80738-HURLEY/HOPKINS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

TRADE, LLC, PHILIP W. MILTON, and
WILLIAM H. CENTER,

    Defendants,

BD, LLC, TWTT-LLC, and CMJ CAPITAL,
LLC,

    Relief Defendants.

_____

**MOTION TO APPROVE COMPENSATION AND REIMBURSEMENT OF FEE
AND EXPENSES TO JACK ACKERMAN ESQ**.

    **JACK ACKERMAN ESQ**, by and through undersigned counsel files this Motion to Approve Compensation and Reimbursement of Fees and Expenses and alleges as follows:

    1.    Prior to this action this matter was the subject of a state court action. In that action Trade LLC announced it was the subject of competing claims by the various investment clubs, that Trade was shutting down its operations and seeking direction as the funds it was holding as of the shutdown. A copy of the Complaint for Declaratory and Other Relief is attached as Exhibit A.

    2.    There were preliminary motions for temporary injunction and other relief but the state court matter was resolved the appointment of Jack Ackerman Esq as an 'escrow

agent' who then held the funds in trust for the benefit of third parties pending the outcome of the state court action.

3. This action was taken with the knowledge of the interested parties including the Securities and Exchange Commission. A copy of correspondence directed to the SEC is attached hereto and made a part hereof as Exhibit B.

4. Ultimately Jack Ackerman did take control of approximately $6 million in funds which he held for the benefit of the interested parties. Jack Ackerman is a long time attorney in Palm Beach County and former employee of the Office of the State Attorney for Palm Beach County. A copy of his resume is attached as Exhibit C.

5. The Securities and Exchange Commission did file this enforcement action and obtained the appointment of a Receiver in this case and a companion case involving the Commodities and Futures Trading Commission arising from the same facts and transactions.

6. Prior to the SEC enforcement action and the appointment of receiver Jack Ackerman dutifully acted as escrow agent and protected substantial funds in excess of $6 million which was transferred to the receiver immediately upon request and is now presumably available to pay the claims of interested parties.

7. Jack Ackerman has not been paid and it is appropriate to pay him the reasonable value of his services which were a direct benefit to the receivership in this cause.

8. Mr. Ackerman incurred fees in the sum of $8965 based upon an hourly charge of $300/hour. A copy of the time records are attached and made a part hereof as Composite

Exhibit D.

9. This is not in the nature of a fee application by a court appointed attorney or receiver as this predated the enforcement action. However it is appropriate to apply the same standard as the work and benefit to the receivership is essentially the same. Assuming the Court applies the same standard for approving attorney's fees as per *Johnson v Georgia Highway Express, Inc.*, 488 F. 2.d 714 (5th Cir.1974) then all of the twelve factors are equally applicable to this case.

10. The factors are as follows:

a. **Time and Labor**– The time records speak for themselves and are respectfully modest considering the amount of money involved and what was at stake at the time.

b. **Novelty and Difficulty**– this was an unusual matter involving a complex issue regarding both state and federal law as it applied to investment clubs subject to federal regulation.

c. **Skill Required**– This matter required a modest amount of skill and understanding of issues of state and federal that applied to investment clubs.

d. **Preclusion of Other Employment**– Ackerman was not precluded from other matters. However this matter required some urgency and special handling when he was hired and required setting aside a significant period of time as needed to accomplish the employment.

e. **Customary Fee**– Ackerman charged the sum of $300/hour which is well within the range of rates charged in this jurisdiction.

f. **Fee fixed v contingent**- The fees are neither fixed nor contingent. Ackerman depends upon approval of this court and therefore is subject to the risk of non payment. Ackerman fully expected that he would be eventually paid from the fund he was holding and protecting pursuant to some court order.

g. **Time Limitations**- This case required Mr. Ackerman to move quickly as there was pressure to secure the funds immediately for the benefit of the third parties.

h. **Experience**– Mr Ackerman has been a member of the Florida Bar for 50 years and enjoys the highest reputation for ability and honesty and it was precisely for that reason that he was selected as a trusted escrow agent.

i. **Undesirability of Case**- Mr. Ackerman does not claim this case was undesirable and indeed was proud to serve and participate in the proceeding as a 'public service' to the third parties.

j. **Nature and Length of Professional Relationship**- Mr. Ackerman had no relationship with any of the Defendants or Relief Defendants and indeed was selected because he was impartial and had no conflicts that precluded him from taking this matter.

k. **Awards in Similar Cases**– The award sought in this case is only $8965 in

order to protect a fund in the sum exceeding $6 million. The hourly rate and time involved is consistent with good and professional practice in this jurisdiction.

l.  **Source of Payment for Amounts Sought**–Ackerman requests the amounts he seeks in this motion be paid from the funds held by the receiver in this cause.

Wherefore Jack Ackerman Esq by and through undersigned counsel respectfully request this Court enter an order authorizing and directing the Receiver to pay the sum of $8965 to Jack Ackerman and for another relief consistent with grounds set forth in this Motion.

Lawrence U. Taube, Esq.
Law Offices of Lawrence U. Taube
FBN 398608
larry@larrytaube.com
500 Australian Avenue South, Suite 630
West Palm Beach, FL 33401
Telephone    561-651-4160
Facsimile    561-651-4161

s/ Lawrence U. Taube
LAWRENCE U. TAUBE. ESQ.
FBN 398608

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing via email and U.S. Mail on the parties on the attached Service List this August  7 , 2012 and that the original was filed pursuant to the CM/ECF system.

                s/ Lawrence U. Taube
                LAWRENCE U. TAUBE. ESQ.
                FBN 398608

**SERVICE LIST**

Patrick J. Rengstl, Esq.
Levine, Kellog, Lehman
 Schneider & Grossman, LLP
Counsel for the Receiver
201 South Biscayne Boulevard
34th Floor, Miami Center
Miami, FL 33131
305-403-8788
305-403-8789 (F)
pjr@LKLlaw.com

Christopher E. Martin, Esq.
Susan E. Curtin, Esq.
Attorney for Plaintiff, Securities &
 Exchange Commission
Miami Regional Office
801 Brickell Avenue, Suite 1800
Miami, FL 33131
305-983-6386
305-536-4154 (F)
martinc@sec.gov
curtins@sec.gov

Jason Mahoney, Esq.
U. S. Commodity Futures Trading Commission
Three Lafayette Center
Washington, DC 20581
202-418-5000
202-418-5523 (F)
jmahoney@cftc.gov

Christopher Bruno, Esq.
Attorney for William H. Center
Bruno & Degenhardt
10615 Judicial Drive, Suite 703
Fairfax, VA 22030
c.bruno6@verizon.net