IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-CV-80737-HURLEY/HOPKINS
(Consolidated with Case No. 10-CV-80738-HURLEY/HOPKINS for the Receivership)

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
Plaintiff,
v.
TRADE-LLC, et al.,
Defendants,
v.
BD LLC, et al.,
Relief Defendants.
_____/

COMMODITY FUTURES TRADING
COMMISSION,

Plaintiff,

v.

TRADE-LLC, et al.,

Defendants,

BD LLC, et al.,

Relief Defendants.
_____/

### RECEIVER'S UNOPPOSED MOTION TO (1) MODIFY CLAIM AMOUNT OF FEDERAL COURT RECEIVER FOR CLAIMANT CASH FLOW FINANCIAL AND (2) RETURN AGREED AMOUNT OF FUNDS

Jeffrey C. Schneider, not individually, but solely in his capacity as receiver (the "Receiver") for Trade-LLC, BD LLC, TWTT-LLC, CMJ Capital LLC, and Center Richmond LLC (collectively, the "Receivership Entities" or "Trade"), moves this Court, on an unopposed basis, to modify the claim amount of the Federal Court Receiver for claimant Cash Flow

Financial ("CFF") (hereinafter referred to as the "CFF Receiver") and to return to the Receiver the agreed amount of $123,880.07.

## I. Background

The majority of investors invested in Trade by transferring their investment to the club of which he or she was a member, after which the club transferred (or was supposed to transfer) the investor's investment to Trade. One of the main investment clubs was CFF. CFF – like Trade – was placed in receivership in the United States District Court for the Eastern District of Michigan[1], because it – like Trade – was running its own Ponzi scheme. The CFF Receiver is Phillip S. Stenger. The Receiver and Mr. Stenger in his capacity as CFF Receiver have been cooperating with each other from the outset of their respective appointments.

As part of the Court-approved distribution procedure, this Court authorized the Receiver to make a distribution to CFF's investors by directly paying to the CFF Receiver.. The primary reason for this was that CFF did not transfer all investor funds to Trade but only a small portion; specifically, CFF transferred only $8 million of approximately $40-plus million received from investors to Trade. The CFF Receiver has thus been pursuing the other funds and, therefore, will be the sole disbursing agent for all CFF funds. (Any CFF investors that directly invested in Trade have been part of *this* receivership.)

The claim amount for the CFF Receiver was a fixed amount based on the *net* amount of money that CFF transferred to Trade and Trade transferred back to CFF. The Receiver and the CFF Receiver compared bank statements and agreed on the amount. The CFF Receiver then submitted a *net* claim of $6,010,359.67, which represented the *net* CFF funds that were

---

[1] *Commodity Futures Trading Commission v. Alan James Watson, et al,*, Case No: 11-cv-10949, United States District Court, Eastern District of Michigan, Honorable Lawrence P. Zatkoff presiding.

transferred to Trade. The CFF Receiver then received two distribution checks in the total amount of $2,009,903.66. The CFF Receiver will distribute the money he recovered from the Receiver – along with other funds that he currently has or recovers in the future – to CFF investors as part of his receivership.

This procedure has ensured that the CFF Receiver and the Receiver do not duplicate efforts, which would only increase the expenses to the victims. This procedure has also ensured that CFF investors are dealt with in one proceeding rather than two, which again will help to minimize the expenses associated with these recovery and distribution efforts. Because the CFF Receiver's claim has been allowed in this receivership, all CFF investor claims have been discharged in this receivership and transferred to the CFF receivership.

**II.    Requested Relief**

Subsequently, the Receiver and the CFF Receiver discovered that Trade paid money to certain CFF investors based on investments those investors made to CFF (and not to Trade). In other words, certain investors sent money to CFF and received money back from Trade. (This was presumably done because CFF's principal asked Trade's principals to repay these investors as part of their collective involvement in what was a massive conspiracy.) From the Receiver's analysis, Trade paid $619,400.33 to these investors and had the Receiver known about these payments before, he would have netted against CFF's claim, thus reducing CFF's claim by $619,400.33 (*i.e.*, from $6,010,359.67 to $5,390,959.34).

The Receiver has spoken on several occasions with the CFF Receiver about this issue and has provided the requested documents to support the Receiver's contention. The Receiver and the CFF Receiver have agreed that the proper way to address this situation is for the Receiver to file the instant petition with the Court to approve the modification of CFF's claim as set forth

herein and that, upon this Court's approval, the CFF Receiver shall seek approval from the Honorable Lawrence P. Zatkoff to amend CFF's claim and for the return of the $123,880.07 sought herein. The amount represents 20% of the $619,400.33 which Trade over-paid. Once CFF returns the $123,880.07 to the Receiver, the total distribution amount CFF would have received from the Receiver will become $1,886,023.59.[2]

Based on the above, the Receiver respectfully requests that CFF's prior approved net claim amount of $6,010,359.67, as reflected in the previously-filed Claim Matrices [DE 136-1 and 173-1], be modified to reflect a $619,400.33 decrease to $5,390,959.34 and that the distribution be reduced by $123,880.07 to reflect the reduction in CFF's net claim such that the total approved distribution to CFF is revised to $1,886,023.59 upon approval of this procedure. The CFF Receiver will then seek the Honorable Lawrence P. Zatkoff's approval for the modified claim and return of funds to the Receiver

### III.   Certification

The Receiver has conferred with the CFF Receiver, the SEC and the CFTC regarding this Motion, and they have no objection. Moreover, the Receiver has conferred with the Defendants, who also have no objection.

WHEREFORE, the Receiver respectfully requests that this Court issue the proposed Order attached as Exhibit A, which modifies CFF's claim amount and authorizes the Receiver to accept the return of $123,880.07 from the CFF Receiver.

---

[2] The Receiver and the CFF Receiver both believe that 20% is a fair compromise because the Receiver distributed 34% as part of the Trade receivership and the CFF Receiver currently anticipates distributing only 10-12% in the CFF receivership based on recoveries to date.

Dated: March 14, 2013.                Respectfully submitted,

                                                LEVINE KELLOGG LEHMAN
                                                SCHNEIDER + GROSSMAN LLP
*Counsel for the Receiver*
201 South Biscayne Boulevard
22nd Floor, Miami Center
Miami, Florida 33131
Telephone:   (305) 403-8788
Facsimile:   (305) 403-8789

By: s:/Patrick J. Rengstl
    Patrick J. Rengstl, Esq.
    FL Bar No. 0581631

5

LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
201 South Biscayne Boulevard, 22nd Floor, Miami Center, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                s:/Patrick J. Rengstl
                Patrick J. Rengstl, Esq.

GM0649.doc

## SERVICE LIST

**Patrick J. Rengstl, Esq.**
Attorney for Receiver
LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
201 South Biscayne Blvd.
22nd Floor, Miami Center
Miami, Florida 33131
Telephone: 305.403.8788
Facsimile: 305.403.8789

**James D. Sallah, Esq.**
Former Attorney for Trade-LLC, BD LLC,
CMJ Capital LLC, and TWTT-LLC
SALLAH & COX LLC
Boca Corporate Center
2101 N.W. Corporate Blvd., Suite 218
Boca Raton, Florida 33431

**Gregory Center**
1210 Colonial Road
McLean, VA 22101
Telephone: 202.713.6660
gregorycenter@gmail.com
**(Email and U.S. Mail)**

**William Center**
8143 Greystone Circle East
Richmond, VA 23229
Telephone: 804.212.9663
center.bill@gmail.com
**(Email and U.S. Mail)**

**John Dunfee, Esq.**
**Jason Mahoney, Esq.**
Attorney for COMMODITY FUTURES TRADING
COMMISSION
1155 21st Street, N.W.
Washington, DC 20581
Direct: (202) 418-5289

**Christopher E. Martin, Esq.**
**Susan E. Curtin, Esq.**
Attorney for Plaintiff
SECURITIES & EXCHANGE COMMISSION
Miami Regional Office
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: 305.983.6386
Facsimile: 305.536.4154
Email: martinc@sec.gov
Email: curtins@sec.gov

**Lawrence U. Taube, Esq.**
Attorney for Defendant Philip W. Milton
LAW OFFICES OF LAWRENCE U TAUBE
500 South Australian Avenue, Suite 630
West Palm Beach, Florida 33401

**Laura D. Duston, Esq.**
Counsel for Phillip S. Stenger
Stenger & Stenger, P.C.
2618 East Paris Ave SE
Grand Rapids, Michigan 49546
Direct: (616) 988-2260
**(Email and U.S. Mail)**