IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-CV-80737-HURLEY/HOPKINS
(Consolidated with Case No. 10-CV-80738-HURLEY/HOPKINS for the Receivership)

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
Plaintiff,
v.
TRADE-LLC, et al.,
Defendants,
v.
BD LLC, et al.,
Relief Defendants.
_____/

COMMODITY FUTURES TRADING
COMMISSION,

Plaintiff,

v.

TRADE-LLC, et al.,

Defendants,

BD LLC, et al.,

Relief Defendants.
_____/

### RECEIVER'S UNOPPOSED MOTION TO CLOSE THE RECEIVERSHIP AND TO DISCHARGE THE RECEIVER AND HIS PROFESSIONALS

Jeffrey C. Schneider, not individually, but solely in his capacity as receiver (the "Receiver") for Trade-LLC, BD LLC, TWTT-LLC, CMJ Capital LLC, and Center Richmond LLC (collectively, the "Receivership Entities" or "Trade"), moves to close the receivership and to discharge the Receiver and his professionals.

### I. The Receiver Has Concluded All of His Material Duties

After two and a half years, nearly a dozen lawsuits or pre-suit disputes (all of which were settled without costly trials), one contempt proceeding, the sale of five properties and literally dozens of items of personalty and the distribution of over $7 million to victims (representing a 34% recovery), the Receiver is happy to report that he has concluded all of his material duties as Receiver in this case. Therefore, concurrently with this Motion, the Receiver has filed his Final Report [DE 187] and will also be filing his latest Fee Application shortly.

The Receiver has issued all final distribution checks to investors with "allowed claims," and, therefore, has concluded his final distribution in the amount of $1,783,000. The Receiver has returned approximately 34% in total to investors in approximately two years (the final distribution was approximately 9% of investor losses and the first distribution was approximately 25% of investor losses).[1]

Regarding tax and accounting issues, the Receiver has issued 1099's for purposes of the final distribution to investors who invested through retirement accounts. The Receiver has also prepared and will be filing all remaining tax returns for the Receivership Entities for tax years 2006-2010. The Receivership Entities had failed to file these tax returns pre-receivership, which obligated the Receiver to prepare and file them now.

The Receiver has also settled, on an amended basis, his lawsuit against Silent Standby and Franklin Freedman.[2] That action was the final receivership lawsuit.

Finally, the Receiver testified on behalf of the CFTC at the recent trial on damages

---

[1] The Receiver's first distribution was in the amount of $5.5 million and made in November 2011.

[2] The case is styled *Jeffrey C. Schneider, Receiver v. Silent Standby Power Supply LLC, Franklin Freedman, and Siri Salmi*, Case No. 11-80977.

against William and Gregory Center.

### II. The Receiver Requests Permission to Accept Settlement Payments from Silent Standby

Despite seeking his discharge, the Receiver requests that he be permitted to continue his collection efforts pursuant to the amended settlement agreement with Silent Standby. Because the total amended settlement amount is $48,000, the amount would likely be too insignificant to justify the expense of another distribution, because it would represent a distribution of only 0.2%. As such, the collected amounts would likely be held in a reserve. Any disposition of collected funds will be made pursuant to separate motion and Court-approval.

### III. The Receiver Requests Permission to Continue to Accept Settlement Payments from the Casazzas

There is approximately $5,000 still owed in settlement payments from two of the Receiver's ancillary defendants, David and Konstantina Casazza.[3] The Receiver anticipates that the remaining amount will be paid in the next two to three months. As such, and despite seeking his discharge, the Receiver requests that he be permitted to continue to accept such settlement payments. Like the Silent Standby payments, the collected amounts would likely be held in a reserve. Again, disposition of collected funds will be made pursuant to separate motion and Court-approval.

### IV. The Receiver Requests Permission to Accept Funds from the CFF Receiver

Moreover, the Receiver recently moved for authorization to accept the return of $123,880.07 in funds from Cash Flow Financial's ("CFF") Receiver (Phillip S. Stenger) and to

---

[3] The settlement payments are from the ancillary receivership case styled *Jeffrey C. Schneider, Receiver v. Philip W. Milton, William H. Center, T & D Highway Services LLC, Dawn Peluso, Charles Reeves, Jason Zamperini, Timothy O'Connor, David R. Casazza, Konstantina Casazza, Dennis Sacco, and Roseann Sacco*, Case No. 10-61401.

3

modify CFF's/Mr. Stenger's claim amount [DE 185], which this Court granted [DE 186]. Now the Receiver must await a similar Order from the Court in the CFF case. Like the Silent Standby settlement amount, this amount is too insignificant to justify the expense of another distribution, because it would represent a distribution of only 0.6%. As such, this amount will likely be allocated primarily to pay final receivership expenses, with any remaining amounts kept as a reserve. Again, disposition of collected funds will be made pursuant to separate motion and Court-approval.

### V.  The Receiver Requests Permission to Attempt to Collect on Judgments

The Receiver is holding several judgments from the ancillary receivership actions. It is possible that he will collect additional amounts in the future and move to reopen the case to make another distribution. Unfortunately, however, the Receiver does not hold out much hope that the judgments will be collectible.

### VI.  Conclusion

Given that the primary matters in the receivership have been concluded, including making all distributions, completing all tax and accounting work and settling all ancillary lawsuits, the Receiver requests that he be permitted to close the receivership case, and that he and his professionals be discharged, except for (i) receiving the Silent Standby settlement payments, (ii) receiving the Casazza settlement payments, (iii) receiving the agreed funds from the CFF Receiver, (iv) attempting to collect on the judgments issued against targets that the Receiver previously sued, and (v) filing separate motion(s) on the disposition of collected funds.

The SEC, CFTC, and Defendants have no objection to this Motion.

WHEREFORE, the Receiver respectfully requests that this Court enter an Order discharging the Receiver and his professionals, and closing the receivership case. A copy of a

4

Levine Kellogg Lehman Schneider + Grossman LLP
201 South Biscayne Boulevard, 22nd Floor, Miami Center, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

proposed Order is attached as Exhibit A.

Dated: April 30, 2013.

Respectfully submitted,

LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
*Counsel for the Receiver*
201 South Biscayne Boulevard
22nd Floor, Miami Center
Miami, Florida 33131
Telephone:   (305) 403-8788
Facsimile:   (305) 403-8789

By: s:/Patrick J. Rengstl
    Patrick J. Rengstl, Esq.
    FL Bar No. 0581631

5

LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
201 South Biscayne Boulevard, 22nd Floor, Miami Center, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s:/Patrick J. Rengstl
                                                Patrick J. Rengstl, Esq.

GM2434.doc

## SERVICE LIST

**Patrick J. Rengstl, Esq.**
Attorney for Receiver
LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
201 South Biscayne Blvd.
22nd Floor, Miami Center
Miami, Florida 33131
Telephone: 305.403.8788
Facsimile: 305.403.8789

**James D. Sallah, Esq.**
Former Attorney for Trade-LLC, BD LLC,
CMJ Capital LLC, and TWTT-LLC
SALLAH & COX LLC
Boca Corporate Center
2101 N.W. Corporate Blvd., Suite 218
Boca Raton, Florida 33431

**Gregory Center**
1210 Colonial Road
McLean, VA 22101
Telephone: 202.713.6660
gregorycenter@gmail.com
**(Email and U.S. Mail)**

**William Center**
8143 Greystone Circle East
Richmond, VA 23229
Telephone: 804.212.9663
center.bill@gmail.com
**(Email and U.S. Mail)**

**John Dunfee, Esq.**
**Jason Mahoney, Esq.**
Attorney for COMMODITY FUTURES TRADING
COMMISSION
1155 21st Street, N.W.
Washington, DC 20581
Direct: (202) 418-5289

**Christopher E. Martin, Esq.**
**Susan E. Curtin, Esq.**
Attorney for Plaintiff
SECURITIES & EXCHANGE COMMISSION
Miami Regional Office
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: 305.983.6386
Facsimile: 305.536.4154
Email: martinc@sec.gov
Email: curtins@sec.gov

**Lawrence U. Taube, Esq.**
Attorney for Defendant Philip W. Milton
LAW OFFICES OF LAWRENCE U TAUBE
500 South Australian Avenue, Suite 630
West Palm Beach, Florida 33401

**Laura D. Duston, Esq.**
Counsel for Phillip S. Stenger
Stenger & Stenger, P.C.
2618 East Paris Ave SE
Grand Rapids, Michigan 49546
Direct: (616) 988-2260
**(Email and U.S. Mail)**