IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-CV-80737-HURLEY/HOPKINS
(Consolidated with Case No. 10-CV-80738-HURLEY/HOPKINS for the Receivership)

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
Plaintiff,

v.

TRADE-LLC, et al.,
Defendants,

v.

BD LLC, et al.,
Relief Defendants.
_____/

COMMODITY FUTURES TRADING
COMMISSION,
Plaintiff,

v.

TRADE-LLC, et al.,
Defendants,

BD LLC, et al.,
Relief Defendants.
_____/

## ORDER GRANTING RECEIVER'S
## FINAL MOTION FOR ATTORNEYS' FEES AND COSTS

**THIS CAUSE** is before the court upon the final motion of Receiver Jeffrey C. Schneider and Levine Kellogg Lehman Schneider + Grossman LLP (the "Law Firm") for interim compensation to pay attorneys' fees and costs incurred during the period of August 1, 2012



through May 31, 2013 [DE # 190].[1] The Securities and Exchange Commission (the "SEC") has reviewed the instant motion and attached billing records, and has no objection to the request.

This case involves an alleged Ponzi scheme that defrauded investors out of over $28 million. The court appointed Mr. Schneider as Receiver to initiate litigation on behalf of the Receivership Entities to preserve and maintain their assets for the benefit of investors and creditors. After appointment, the Receiver retained the Law Firm to provide legal services to the Receivership Estate. During the applicable billing period, the Receiver and his professionals, among other things, issued final distribution checks to claimants with "allowed claims" and claimants who cured any claim deficiencies. In addition to issuing distribution checks, the Receiver and his professionals addressed accounting issues to ensure that the final distribution complies with IRS requirements. This required the Receiver to timely issue a Form 1099-R to investors who invested through an IRA or other qualified retirement accounts. Finally, the Receiver and his professionals settled, on an amended basis, the remaining receivership lawsuit, analyzed late claims, and finalized and filed the motion for final distribution.

---

[1] On October 13, 2010, the court granted the Receiver's and the Law Firm's first motion for interim compensation of fees and costs for the period of June 23, 2010 to August 31, 2010. *See* DE # 50. On January 4, 2011, the court granted their second motion for interim compensation of fees and costs for the period of September 1, 2010 to November 30, 2010. *See* DE # 80. On May 31, 2011, the court granted their third motion for interim compensation of fees and costs for the period of December 1, 2010 through February 28, 2011. *See* DE # 114. On September 16, 2011, the court granted the Receiver's and the Law Firm's fourth motion for interim compensation of fees and costs for the period of March 1, 2011 through May 31, 2011. *See* DE # 135. On November 7, 2011, the court granted the Receiver's and the Law Firm's fifth motion for interim compensation of fees and costs for the period of June 1, 2011 through August 31, 2011. *See* DE # 149. On April 2, 2012, the court granted the Receiver's and the Law Firm's sixth motion for interim compensation of fees and costs for the period of September 1, 2011 through November 30, 2011. *See* DE # 166. On September 12, 2012, the court granted the Receiver's and the Law Firm's seventh motion for interim compensation of fees and costs for the period of December 1, 2011 through July 31, 2012. *See* DE # 180.


As interim compensation for their efforts, the Receiver requests $13,468.00 in fees and the Law Firm requests $100,587.50 in fees and $3,297.62 in costs. A receiver who "reasonably and diligently discharges his duties" is entitled to compensation. *See SEC v. Elliot*, 953 F.2d 1560, 1577 (11th Cir. 1992). "Whether a receiver merits a fee is based on the circumstances surrounding the receivership, and results are always relevant." *Id.* (citations and quotations omitted).[2]

The court has carefully reviewed the Receiver's and Law Firm's efforts in this case and is well-satisfied with the quality and diligence of their work as well as the results they have achieved thus far. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. The motion of Receiver Jeffrey C. Schneider and Levine Kellogg Lehman Schneider + Grossman LLP for interim compensation to pay attorneys' fees and costs incurred during the period of August 1, 2012 through May 31, 2013 [DE # 190] is **GRANTED.**

2. The Receiver is authorized and directed to pay, from the assets of the Receivership estate, a total of $117,353.12 (one hundred seventeen thousand three hundred fifty three dollars and twelve cents) to pay for the fees and costs identified in the instant motion.

3. The Receiver is authorized to maintain a new reserve as explained in the motion to cover future expenses post-receivership. The Receiver is also authorized to pay any and all future receivership fees and expenses in a self-executing manner without further Order upon written

---

[2] Other relevant factors, which the court has considered, include: (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the under-desirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

consent by the SEC to the Receiver. In addition, the Receiver is authorized to transfer any remaining receivership funds to the National Futures Association as Monitor at the appropriate time based on the Receiver's discretion, pursuant to the prior Consent Judgment signed in the CFTC proceeding [DE # 124].

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this ___ day of _____, 2013.

                                        _____
                                        DANIEL T.K. HURLEY
                                        UNITED STATES DISTRICT JUDGE

*Copies provided to counsel of record*

4